# COLUMBIA LAUNDRY COMPANY *v.* ELLIS.

LANDLORD AND TENANT; AFFIDAVITS; PLEADING.

1. Rule 10 of the common law rules of the supreme court of the District of Columbia, allowing a landlord, in a suit by him against his tenant for possession, to have a summary judgment unless the defendant files an affidavit of defense, is analogous to rule 73 of that court, relating to actions *ex contractu*, and is equitable in its application.

2. While an affidavit of defense is to be liberally construed in favor of the defendant's right to a trial upon the merits (following *Brown* v. *Ohio Nat. Bank*, 18 App. D. C. 598), a defendant will not be permitted to avoid the rule by the interposition of indirect and vague statements when it is apparently within his power to comply with the spirit of the rule. (Following *Chapman* v. *Natalie Anthracite Coal Co.* 11 App. D. C. 386.)

3. Averments in an affidavit of defense that the defendant corporation was defunct upon a certain day, and that another corporation, from the date of its incorporation, became and was the tenant of the plaintiff, are conclusions of law. (Citing *Brown* v. *Delafield & B. Cement Co.* 1 App. D. C. 232.)

4. In an action by a landlord against his tenant, the Columbia Laundry Company, a corporation, for possession, an affidavit of defense is insufficient, as setting forth only conclusions of law, which states that such corporation became and was defunct after a specified date; and that thereafter, on a day named, the Columbia Laundry Company, Inc., was duly incorporated, and from that date became and was the tenant of the plaintiff; that at no time since last mentioned date has the corporation, as described in the declaration, been a tenant of the plaintiff; and that the two corporations are distinct and separate, having, with a few exceptions, different officers.

No. 2,245.  Submitted February 9, 1911.  Decided March 6, 1911.

HEARING on an appeal by the defendant from a judgment for want of a sufficient affidavit of defense of the Supreme Court of the District of Columbia, in an action by a landlord for possession of demised land.          *Affirmed.*

The COURT in the opinion stated the facts as follows:

This is an appeal [by Columbia Laundry Company] from a summary judgment of the supreme court of the District of Columbia for the plaintiff, William K. Ellis, in a proceeding by a landlord to recover possession of demised premises. The sole question to be determined is as to the sufficiency of the defendant's affidavit of defense.

The affidavit of defense states in substance that the defendant, the Columbia Laundry Company, *was* a corporation duly incorporated under the laws of the State of West Virginia, "but the said company became and was defunct prior to the 1st day of May, A. D. 1908, and that on or about the 28th day of May, A. D., 1908, the Columbia Laundry Company, Inc., was duly incorporated under the laws of the State of Virginia, and that from the said date to the present time the said Columbia Laundry Company, Inc., became and was the tenant of the plaintiff;" that at no time subsequent to said 28th of May, 1908, "has the defendant, the Columbia Laundry Company, by Clarence F. Sowers, manager, as described in the declaration filed in this cause, been the tenant of the plaintiff;" that the two corporations are distinct and separate, and that "the officers and stockholders of the Columbia Laundry Company, Inc., are, with a few exceptions, different from those formerly similarly identified with the Columbia Laundry Company." This affidavit the court held insufficient, and gave judgment accordingly.

*Mr. Charles F. Diggs* for the appellant.

*Messrs. Millan & Smith* for the appellee.

Mr. Justice ROBB delivered the opinion of the Court:

Under rule 19 of the rules of the supreme court of the District, the plaintiff, by filing an affidavit setting out the grounds upon which he claims possession of the premises de-

scribed in his complaint within ten days after docketing an appeal from the judgment of the municipal court (and this was such a judgment), is entitled to a judgment for possession unless the defendant, within ten days after service upon him of a copy of plaintiff's affidavit, files an affidavit of defense, denying the right of the plaintiff to the possession of the premises, "and specifically stating, in precise and distinct terms, the grounds of his defense, which must be such as would, if true, be sufficient to defeat plaintiff's recovery." This rule is analogous to common-law rule 73, and is most equitable in its application. If a tenant has a meritorious defense, he may not be summarily ejected; if he has no defense, it enables the landlord to gain speedy possession of his property, and thus avoid further loss and expense. And while affidavits of defense are to be liberally construed in favor of defendant's right to a trial upon the merits (*Brown* v. *Ohio Nat. Bank*, 18 App. D. C. 598), no defendant should be permitted to avoid the rule by the interposition of indirect and vague statements when it is apparently within his power to comply with the spirit of the rule (*Chapman* v. *Natalie Anthracite Coal Co.* 11 App. D. C. 386).

Having these rules of construction in mind, let us briefly analyze the affidavit under consideration. In the first place, the averment that the defendant company was defunct upon a certain day is a conclusion of law, and is therefore bad, because it fails to state the facts from which such conclusion was drawn. *Brown* v. *Delafield & B. Cement Co.* 1 App. D. C. 232. The averment that from the day of the incorporation of the Columbia Laundry Company, Inc., it "became and was the tenant of the plaintiff," is also bad for the same reason. This is a mere conclusion. There is no averment that the plaintiff had knowledge of the demise of the "Columbia Laundry Company" and the birth of the "Columbia Laundry Company, Inc.," or that any notice was given the plaintiff by the new company of its alleged tenancy. This defect is rendered more serious by the rather ingenious statement that follows, to the effect that the officers of the new corporation, "are, with a few excep-

tions," different from those of the old. The "few exceptions" may include the manager of the old corporation, who may be occupying a similar position with the new. The new corporation being engaged in the same business, at the same place, with practically the same name, and, for aught that appears, having the same manager, it certainly was incumbent upon the defendant to state sufficient facts to enable the court to find, as matter of law, that the tenancy of the old corporation had terminated. We think the affidavit fatally defective in that it states conclusions, and not facts, and that, taking it as a whole, it is lacking in the element of good faith which the rule demands.

The judgment will therefore be affirmed with costs.

*Affirmed.*